IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANDOLA M. POPE, | |
| Petitioner, | 8:18CV479 |
| v. | |
| CAPTAIN EARLY, CAPTAIN WEST, LT. SCHERER, LT. MORRISON, SGT. SANDOSKI, SGT MCCULLEN, SGT WEINER, CORP ESTAVEZ, CORP WAGNER, CORP GRAHM, CORP GARRERA, and DOUGLAS COUNTY CORRECTIONS, | MEMORANDUM AND ORDER |
| Respondents. | |

After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the § 2241 petition without prejudice.[1]

Petitioner is being prosecuted in the Douglas County, Nebraska district court for a strong arm robbery. I have reviewed the case file through Nebraska's judicial records system made available to the judges of this court.[2] *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Those records reflect that Petitioner has been detained pending trial.

Petitioner challenges his conditions of confinement, to wit: the placement of Petitioner in administrative confinement. Petitioner does not challenge the prosecution,

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

[2] The Douglas County District Court case number is 18-2643.

nor does he seek a remedy that would result in an earlier release. As I read the petition, he essentially wants to be placed in the general population and he wants an award of money.

Simply put, Petitioner cannot use the federal habeas corpus statutes to obtain the relief he seeks. *See, e.g., Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (prisoner's claim under § 2241, that being put in four-point restraints for an extended period of time violated his Eighth Amendment right against cruel and unusual punishment, related to the conditions of his confinement, and thus, a writ of habeas corpus was not the proper remedy). Since Petitioner has also filed a § 1983 action that is currently pending in this court (8:18CV455), I will dismiss this case without prejudice rather than inquiring of Petitioner whether he wishes that this habeas case be treated as a § 1983 action.

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 22nd day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge